IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Shineida D. Chinn, | ) Civil Action No.: 1:18-1294-BHH |
|---|---|
| Plaintiff, | ) |
| v. | ) **ORDER** |
| Andrew Saul, Commissioner of Social Security,[1] | ) |
| Defendant. | ) |

This is an action brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Shineida D. Chinn's ("Plaintiff") claim for disability insurance benefits ("DIB"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision. Plaintiff filed objections to the Report, to which the Commissioner filed a response. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and overrules Plaintiff's objections.

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* the Social Security Act, 42 USC § 405(g) (explaining action survives "notwithstanding any change in the person occupying the office of Commissioner of Social Security").

## BACKGROUND

Plaintiff filed an application for DIB on July 18, 2014, alleging a disability onset date of August 28, 2013. Her application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held via video conference on May 25, 2017. A vocational expert ("VE") appeared at the administrative hearing and testified by telephone. On June 1, 2017, the ALJ issued a decision denying Plaintiff's claim. The Appeals Council denied Plaintiff's request for review, thereby rendering the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on May 10, 2018.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a *de novo* review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are

supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

### I. The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next

inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 28, 2013, the alleged onset date. Next, the ALJ determined that Plaintiff has severe impairments of lumbar degenerative disc disease and obesity. The ALJ found, however, that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. § 404.1567(a), with the following limitations: Plaintiff can never climb ladders, ropes, or scaffolds; she can frequently balance and occasionally kneel, stoop, crouch, crawl, and climb ramps or stairs; and she must avoid all exposure to hazards. The ALJ found that Plaintiff was not capable of performing her past relevant work as a preschool teacher but, considering her age, education, work experience, and RFC, jobs exist in significant numbers in the national

4

economy that Plaintiff can perform. Accordingly, the ALJ concluded that Plaintiff was not under a disability as defined in the Social Security Act.

## II.     The Court's Review[2]

In her opening brief, Plaintiff argued that the ALJ did not explain her findings with respect to the RFC. Plaintiff also argued that the ALJ failed to properly assess the opinion of her physician, Tami Y. Massey, M.D., and failed to properly evaluate her subjective symptomology. The Magistrate Judge evaluated each claim in a thorough, 64-page Report and found all to be without merit. Plaintiff objects to the Magistrate Judge's findings with respect to the RFC and the opinion evidence. For the reasons that follow, the court adopts the Magistrate Judge's findings and affirms the Commissioner's decision.

### A.     RFC

In her objection, Plaintiff argues that the ALJ failed to address the medical evidence regarding Plaintiff's neck and arm pain, her mental functioning with respect to concentration, pace, and persistence, and her use of a cane. She contends that the ALJ's failure to sufficiently discuss the evidence regarding these limitations prevents the court from engaging in a meaningful review of the decision. ECF No. 19 at 2.

#### 1.     Neck and Arm Pain

Plaintiff argues in her Opening Brief that her neck and arm pain affects her ability to reach, handle, and lift and that the ALJ erred in failing to include such a limitation in her

---

[2] As the Magistrate Judge noted, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed on or after March 27, 2017. *See, e.g.,* 20 C.F.R. §§ 404.1513, 404.1527. Because the instant claim was filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed her application for benefits, unless otherwise specified.

5

RFC. (ECF No. 14 at 13–14). She notes the ALJ acknowledged her pain, but asserts that in discussing the limitation the ALJ selectively chose the normal results of medical assessments concerning her arm.

It appears from the record that Plaintiff briefly reported left arm pain and neck pain in 2013. The ALJ noted this report and observed that "[i]n the month of her alleged onset date, [Plaintiff had] complaints of arm pain and paresthesia . . . . [o]n exam, she had normal findings, including normal sensation, normal strength, [and] normal tone with no atrophy." (Tr. at 20). *See* (Tr. at 385-87). Plaintiff thereafter did not complain of arm and neck pain until March 2016, when she reported right arm pain and neck pain. (Tr. at 20). *See* (Tr. at 443-44). At that time, her doctor noted that Plaintiff presented with complaints of pain involving the arm that had persisted "for about a month," which resulted in "some neck discomfort . . . as well." (Tr. at 443). The ALJ mentioned these reports of pain and noted that "when [Plaintiff] complained of neck and arm pain in March 2016, [she] had normal arm inspection with equal reflexes." (Tr. at 20). The ALJ further noted that Plaintiff has "deficits suggestive of a range of sedentary work, but the objective evidence [does] not support a finding of greater limitations than those set forth above." *Id.*

As the Magistrate Judge discussed, the record shows that the ALJ considered Plaintiff's complaints of arm and neck pain and found that the reduced range of sedentary work sufficiently accommodated Plaintiff's limitation. ECF No. 18 at 32-35. Plaintiff does not cite parts of the record she contends the ALJ or the Magistrate Judge failed to consider. The Court finds that the substantive evidence supports the ALJ's findings with respect to Plaintiff's arm and neck pain and therefore overrules Plaintiff's objection as to this issue.

6

## 2. Mental Functioning

Plaintiff next argues that the ALJ failed to consider the effect her medications have on her ability to maintain concentration, persistence, and pace. (ECF No. 14 at 14-16). Plaintiff asserts that while the ALJ discussed her complaints of depression and determined that no limitation results, the ALJ failed to consider the limitation caused by the side effects of the medicine she takes for her back pain. Plaintiff contends the RFC should include a limitation with respect to mental functioning.

In reaching a determination regarding a claimant's RFC, the ALJ must base the decision on "all of the relevant evidence in the case record," including the side effects of medication. Social Security Ruling ("SSR") 96–8P, 1996 WL 374184, at *5 (July 2, 1996); 20 § C.F.R. 404.1529(c)(3)(iv). During the administrative hearing, Plaintiff testified that she suffered from depression and that the condition had caused a significant problem with her concentration, memory, and span of attention. (Tr. at 81-82). Plaintiff also testified that her husband would administer medicine to her and she would thereafter fall asleep while watching television, or her mind would wander. (*Id.* at 82). In her decision, the ALJ considered the four broad areas of mental functioning set forth in the disability regulations and determined that Plaintiff's "medically determinable mental impairment of depression does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities." (Tr. at 18). The ALJ did not, however, give any consideration as to whether the medication Plaintiff requires for her back pain impairs her mental functioning.

"The ALJ is not required to accept unquestioningly all alleged side effects of medications; complaints of side effects may properly be discredited by inconsistent evidence." *Goodwater v. Barnhart*, 579 F. Supp. 2d 746, 759 (D.S.C. 2007) (citing

7

*Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005)). However, without any mention of the claimed side effects of drowsiness and impaired attention span, the Court cannot determine whether the ALJ properly considered the side effects of the pain medication in rendering her RFC assessment. Accordingly, the ALJ erred in neglecting to discuss the impact of the pain medicine, if any, on Plaintiff's mental functioning. 20 § C.F.R. 404.1529(c)(3)(iv). *See, e.g., Loza v. Apfel*, 219 F.3d 378, 397 (5th Cir. 2000); *Figueroa v. Secretary of HEW*, 585 F.2d 551, 554 (1st Cir. 1978); *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981). The error requires remand only if Plaintiff was prejudiced as a result of the procedural error. *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (applying harmless error analysis in Social Security case). *Accord Perdue v. Astrue*, No. 3:10–cv–1318, 2011 WL 6415490, at *17 (S.D.W. Va. Dec. 21, 2011) (collecting cases).

The Magistrate Judge engaged in a thorough review of the medical evidence and found that substantial evidence supports the conclusion that Plaintiff's mental functioning is not so impaired as to require a limitation in the RFC. (ECF No. 18 at 36-38). As the Magistrate Judge noted, apart from Plaintiff's testimony at the hearing, there is only one instance in the entire record of a complaint regarding drowsiness. In April 2014, Plaintiff informed her doctor that the medication Neurontin had caused her to feel drowsy and her doctor noted that he would adjust the dosage prescribed to address that side effect. (Tr. at 377-78). *See* (ECF No. 14 at 14-15 (Plaintiff's Opening Brief)). In fact, the record includes multiple entries of Plaintiff reporting that she experienced no side effects from her medication. In October 2014, Plaintiff reported that her medications did not cause her sleepiness (Tr. at 301), and she stated on various forms that she did not experience side effects from medicine she was then taking. Indeed, she specifically stated that her pain

8

medication Tramadol did not cause her drowsiness. (Tr. at 78, 325). Accordingly, the Court agrees that the record does not support a limitation for mental functioning.

### 3. Use of Assistive Device

Plaintiff's final contention with respect to the RFC is that the ALJ failed to sufficiently address her use of a cane. (ECF No. 14 at 16).

Under the Guidelines for Evaluating the Ability to Do Less than a Full Range of Sedentary Work, where the claimant requires the use of a hand-held assistive device, the Commissioner shall consider whether that need for assistance impacts the claimant's ability to work in an unskilled, sedentary position. SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). SSR 96-9p explains that the record must contain medical documentation "establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." *Id.*

As the ALJ noted, the record reflects that Plaintiff began using a cane during her rehabilitation from back surgery in March 2014. (Tr. at 20). By May 2014, Plaintiff had stopped using the cane but reported some continued difficulty with walking. (Tr. at 376). In July 2014, Dr. Massey noted that Plaintiff's gait was normal. (Tr. at 400-02). As summarized by the ALJ, the medical record thereafter reflects that Plaintiff was frequently assessed as demonstrating a normal gait and normal posture. (Tr. at 403-05 (August 2014)); (Tr. at 431-33 (December 2014)); (Tr. at 434-36 (April 2015)); (Tr. at 418-20, 437-39 (August 2015)); (Tr. at 440–42 (November 2015)); (Tr. at 443–44 (March 2016)); (Tr. at 460–63 (February 2017)).

The Court agrees that the evidence of record does not reflect that Plaintiff required

the use of a cane. Furthermore, the evidence of record does not establish, and Plaintiff in her objection does not explain, how her use of a cane prevented her from performing sedentary work as limited in the RFC. Indeed, Dr. Massey opined that in standing and/or walking, Plaintiff would not require the use of a cane or any other assistive device. (Tr. at 408).

For these reasons, Plaintiff's objections to the Report as they pertain to her RFC are overruled.

### B. Opinion Evidence

In her objection, Plaintiff asserts two issues with the ALJ's assessment of Dr. Massey's opinion. (ECF No. 19 at 2-5). First, Plaintiff contends, in light of Dr. Massey's opinion that Plaintiff is limited in her ability to reach, the ALJ failed to explain why she omitted a reaching limitation in the RFC, particularly when she included a lifting limitation. Plaintiff argues the Magistrate Judge improperly found support for the ALJ's decision in discussing evidence that the ALJ failed to address. Second, Plaintiff contends the ALJ failed to explain her treatment of Dr. Massey's opinion that Plaintiff must shift positions at will from sitting, standing, and walking. Plaintiff argues the Magistrate Judge discussed the VE's testimony as it relates to sitting and standing, but not as to walking.

On December 5, 2014, Plaintiff presented to Dr. Massey complaining of lower back pain and asked Dr. Massey to complete a physical capacity exam form. (Tr. at 431–33). Following an exam, Dr. Massey completed the standardized form and reported that Plaintiff's posture, gait, strength, and tone were normal, she had no edema, and her abdomen was nontender but she had "some bilateral low lumbar tenderness." *Id.* Dr. Massey assessed Plaintiff as experiencing back pain, prescribed her medication, and noted

10

that she would refer Plaintiff to physical therapy. *Id.* Dr. Massey opined that Plaintiff would be subject to the following various limitations during an eight-hour workday: lift, carry, push, or pull up to 10 pounds, occasionally; shift positions from sitting, standing, or walking at will every fifteen to thirty minutes; and reach above her shoulder or below her waist level occasionally and reach at waist level frequently. (Tr. at 407–08). Dr. Massey noted no limitations as to Plaintiff's ability to handle, finger, and feel. *Id.* Dr. Massey opined that these limitations or restrictions began in March 2014 and could be expected to last twelve months. *Id.* Dr. Massey listed Plaintiff's back surgery and degenerative disc disease as the objective evidence supporting her opinion. (Tr. at 408).

Pursuant to 20 C.F.R. § 404.1527(c), the Commissioner will evaluate every medical opinion received and will accord greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. However, the opinions of treating physicians are not necessarily entitled to controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). "[I]f a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Mastro*, 270 F.3d at 178. As the Magistrate Judge correctly noted, where the opinion of a treating physician is not accorded controlling weight, the Commissioner must weigh the opinion pursuant to a broad range of factors, "including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). If the ALJ issues a decision that is not fully favorable, her decision "must contain specific reasons for

11

the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." SSR 96-2p, 1996 WL 374188, at *5 (1996).

The ALJ addressed Dr. Massey's opinion as follows:

> The undersigned has given little weight to the opinion of Dr. Tami Massey, who noted significant exertional and non-exertional limitations and noted that [Plaintiff] was not employable if her significant limitations were not accommodated. However, the undersigned gives this statement little weight. Although [Plaintiff] had some deficits after back surgery, [Plaintiff] had many normal findings, including normal gait findings, that did not support the extent of these extreme limitations. Therefore, the undersigned gives this opinion little weight. The undersigned has given some weight to the statement that [Plaintiff] has a 10 pound lifting limit, as this limitation is consistent with the claimant's need for lumbar surgery.

(Tr. at 21). The Court addresses Plaintiff's two objections in turn.

1. Limitation as to Reaching

Plaintiff asserts the ALJ should have included a reaching limitation in the RFC, consistent with Dr. Massey's opinion. The Magistrate Judge reviewed the medical evidence and found that Plaintiff's medical records do not support a limitation as to reaching. (ECF No. 18 at 55-56). As the Magistrate Judge explained, and as discussed above, Plaintiff did not complain of arm or neck pain between January 2014 and March 2016, nor did she complain of any such pain after March 2016. Plaintiff's physical examinations during that time were relatively normal, without evidence of an impairment that would cause a limitation with regard to reaching. *See, e.g.,* (Tr. at 379, 385-87, 390-91, 443-46). On August 11, 2014, Plaintiff completed a function report that listed various impairments. She reported that her condition caused her issues with lifting, squatting,

bending, standing, walking, and climbing stairs, but she declined to select "reaching" as one of her impairments. (Tr. at 296). In April 2015, Plaintiff returned to Dr. Massey to ask her to complete an adoption form, as she wished "to adopt a young child." (Tr. at 434). Dr. Massey noted that Plaintiff "has a [history] of back surgery and has a 10 pound lifting limit"; her "[hypertension is] well cont[rolled] w[ith] meds"; there are "no [side effects]"; and Plaintiff "otherwise has no concerns." (Tr. at 434). Based on this review of the record, the Magistrate Judge concluded that the ALJ "appropriately assigned some weight to the lifting restriction and not [to] the reaching restriction." (ECF No. 18 at 57).

In her treatment of Dr. Massey's opinion, the ALJ should have expounded on the specific weight she attributed to the portion of the opinion restricting Plaintiff's ability to reach and the basis for her finding. However, as discussed above, the ALJ discussed Plaintiff's neck and arm pain in her RFC determination, and it is clear from the ALJ's decision that she found that the medical evidence does not establish that Plaintiff suffers from limitations caused by arm and neck pain. *See* (Tr. at 20). Accordingly, to the extent the ALJ erred in failing to address record evidence specific to Plaintiff's arm and neck pain in her assessment of Dr. Massey's opinion, the Court finds that the error is harmless. The Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's assessment of Dr. Massey's opinion as it pertains to Plaintiff's ability to reach.

2.  <u>Limitation as to Shifting Positions</u>

The Court similarly finds no reversible error with respect to the ALJ's treatment of Plaintiff's need to shift positions at will. The ALJ appears to have adopted Dr. Massey's opinion that Plaintiff must alternate positions. Less clear, however, is the extent to which Dr. Massey believed Plaintiff must alternate positions so as to accommodate her medically

13

determinable back pain. This opinion, and the evidence supporting it, play a role in step four of the Commissioner's determination of disability. The burden of production and proof remains with the claimant through step four of the determination. Accordingly, Plaintiff had the burden of supporting her interpretation of Dr. Massey's opinion. To the extent Plaintiff now contends that the ALJ misapplied or misinterpreted Dr. Massey's opinion during the colloquy with the VE, the Court finds no error.

In her Opening Brief, Plaintiff asserts that "Dr. Massey indicated that [Plaintiff] would need to shift positions from sitting, standing, and walking every 15 to 30 minutes," and that "[w]hile a shift from sitting to standing would likely allow for an individual to keep working, a need to walk around would prevent the individual from staying on task and performing any job in the national economy." (ECF No. 14 at 19). As an initial matter, the Court disagrees with Plaintiff's characterization of Dr. Massey's opinion. Dr. Massey expressed her opinion as to Plaintiff's limitations on a standardized form that listed activities and the frequency with which the claimant can perform those activities. (Tr. at 407-08). The question regarding the need to alternate positions reads, "[d]oes your patient need a job which permits shifting positions *at will* from sitting, standing or walking?" *Id.* at 407 (italics in original). Dr. Massey selected, "[y]es." In response to the single, follow-up question, "how often do you think your patient will need to shift positions," Dr. Massey wrote, "15-30 min[utes]." *Id.* The form Dr. Massey completed lists "sitting," "standing," and "walking" in the alternative. The plain language of the form does not suggest that Plaintiff's condition requires her to shift from all three positions, i.e., sitting to standing to walking, and Dr. Massey did not specify that Plaintiff requires the flexibility to alternate between sitting, standing, and walking, as opposed to shifting between sitting and standing.

Plaintiff objects that the ALJ "failed to explain why she did not accord some weight to the statement that [Plaintiff] would need to shift positions at will from sitting, standing, and walking every 15 to 30 minutes." (ECF No. 19 at 4). However, during the colloquy with the VE, the ALJ asked the VE to consider an individual who, among other things, "would require a change of positions at will from sitting, or standing, or walking . . . ever [sic] 15 to 30 minutes." (Tr. at 90). The ALJ thus incorporated the express language of Dr. Massey's limitation into her hypothetical posed to the VE. Plaintiff objects that "[w]hile a shift from sitting to standing could allow for an individual to keep working, a need to walk around would prevent the individual from staying on task and performing any job in the national economy." (ECF No. 19 at 4). However, Plaintiff has not established that her medical condition requires that she be permitted to "walk around." Dr. Massey's opinion does not assert as much, and the Court is not aware of record evidence, nor has Plaintiff cited to any, that supports imposing any such limitation. *Watson v. Colvin*, 615 F. App'x 158, 159 (4th Cir. 2015) (citing *Johnson*, 434 F.3d at 659 (recognizing hypothetical must include only impairments supported by substantial evidence)). Indeed, in describing during the administrative hearing Plaintiff's need to shift positions, her attorney referenced sit and stand, but not walk. (Tr. at 67). Accordingly, the Court finds no error in the ALJ's treatment of Dr. Massey's opinion or in the ALJ's use of hypothetical scenarios as posed to the VE.

## **CONCLUSION**

The Court finds that the Magistrate Judge properly summarized the facts and applied the correct principles of law. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 18) is adopted and specifically incorporated herein;

Plaintiff's objections (ECF No. 19) are overruled; and the Commissioner's final decision is hereby affirmed.

**IT IS SO ORDERED.**

                                                      s/ Bruce H. Hendricks
                                                    The Honorable Bruce H. Hendricks
                                                    United States District Judge

August 26, 2019
Charleston, South Carolina